# PEOPLE OF PORTO RICO, Complainant,

## *v.*

# NEW YORK & PORTO RICO STEAMSHIP COMPANY,
### Defendant.

---

### INJUNCTION BOND—POWER TO REQUIRE.

Before removal of suit to this court, the insular court, by virtue of an
act of the legislature, granted the complainant an injunction without
bond.  Under the equity practice this court has a discretion to require
a bond or not.  As none was given in the insular court, and there is
no express averment in the answer of accruing damages, it would not
be inclined to require it.  Aside from this, however, there is no au-
thority to require a bond where the state or political sovereignty
brings the suit.

June 21, 1902.

---

*Mr. James S. Harlan,* Attorney General of Porto Rico, so-
licitor for complainant.

*Messrs. Pettingill & Keedy,* solicitors for defendant.

HOLT, Judge, delivered the following opinion:

Defendant claims the right to construct a pier in the harbor
of San Juan.  The complainant sued out an injunction from the
insular district court to prevent it from doing so.  Answer has
been filed, and the case removed to this court.  A motion is now
made by the defendant, upon some eight or nine grounds, to dis-

solve the injunction. They involve a consideration of the merits of the case. The questions involved are intricate and important. The Attorney General for Porto Rico, representing the complainant, has informed the court that he desires time to brief the questions.

One of the grounds, however, is that the injunction was granted without the giving of any bond, and if it should be finally held that it was granted wrongfully, defendant would be remediless as to any damage. The determination of this ground should not be delayed. It is urged upon its part that the complainant should be required to give bond, or that the suit should be dismissed. It was granted in the insular court without a bond because there is an act of the legislature of Porto Rico expressly authorizing it in such a case. The case having been removed, however, to this court, the question is to be governed by the practice in equity in this court. It having been granted, however, in the insular court without bond, this court is not inclined to require it unless in the exercise of its discretion it clearly should do so. It is true that where no undertaking has been required upon the granting of an injunction, no damages can be awarded except in the form of a decree for the costs of a suit. It is, however, a matter in the discretion of the court whether it will require a bond. This court has power, upon a proper showing and in proper cases, to grant an injunction without requiring any bond whatever. Where, however, damages are likely to accrue in the event it is wrongfully sued out, it will exact a bond. The court, however, has been unable to find any authority for requiring it in a case where the state or political sovereignty brings the suit. It is urged that, unless required, the individual may be greatly damaged, and have no redress; but, as it is the sovereignty suing, it would seem that the proper policy would be, if damages accrued, that the person

should look to the lawmaking power of the state for relief, upon the supposition‛ that it will always do what is right. If a political sovereignty were required to execute a bond it would be difficult, no doubt, for it to furnish security, and the question arises, Who would execute the bond for the sovereignty unless legislative provision has first given the power to someone? Aside, however, from this question, there appears to be no express averment of damage in the answer. It speaks of damages accruing, but does not set forth any, or how they will accrue. There is no showing, from the answer, that any delay by reason of the suit will involve damage,—at least, there is no express averment upon this subject. Under this state of case, the injunction having been granted without bond by the insular court, this court in the exercise of its discretion does not think it proper to require one, even conceding that it can be required of the complainant. The motion to dissolve the injunction and dismiss the bill upon the ground that no bond has been executed, is, therefore, overruled, and the motion upon the other grounds is reserved for further consideration. The parties are required to file briefs within sixty days.